
# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 21-0532

DARRELL LEE CONSTRUCTION, LLC,

       Defendant, Third-Party Plaintiff,
       and Appellant,

    and

JON WILLIAMS; MADDUX REAL ESTATE
GROUP, INC.; DAWN MADDUX; and RALEIGH
WARD,

       Defendants, Counterclaimants,
       and Appellants,

    and

WAGNER & LYONS, PLLC, f/k/a SULLIVAN,
WAGNER & LYONS, PLLC,

       Appellants,

    v.

SUPERIOR HARDWOODS AND MILLWORK,
INC. d/b/a GRIZZLY FLOORING INSTALLATION,

       Third-Party Defendant and Appellee.

FILED

OCT 18 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

The above-named Appellants (collectively referred to as "DLC") have moved this Court to consolidate their respective appeals pursuant to M. R. App. P. 4(3), set a briefing schedule, and appoint a mediator for the consolidated cases. Appellee Superior Hardwoods and Millwork, Inc. d/b/a Grizzly Flooring Installation ("Superior") does not oppose DLC's motions, with certain caveats. Superior requests leave to file a single, overlength response brief to collectively address DLC's opening briefs.

The present motions concern four pending appeals that are taken from various orders entered by the Montana Fourth Judicial District Court, Missoula County, in Cause No. DV-18-109:

*Darrell Lee Construction, LLC, v. Superior Hardwoods and Millwork, Inc. d/b/a Grizzly Flooring Installation*, Case No. 21-0532;

*Wagner & Lyons, PLLC, f/k/a Sullivan, Wagner & Lyons, PLLC v. Superior Hardwoods and Millwork, Inc. d/b/a Grizzly Flooring Installation*, Case No. 22-0488;

*Maddux Real Estate Group, Inc., Dawn Maddux and Raleigh Ward v. Superior Hardwoods and Millwork, Inc. d/b/a Grizzly Flooring Installation*, Case No. 22-0495; and

*Jon Williams and Darrell Lee Construction, LLC, v. Superior Hardwoods and Millwork, Inc. d/b/a Grizzly Flooring Installation*, Case No. 22-0499.

DLC contends these appeals could be efficiently resolved as a consolidated appeal, provided the appellants in each matter be granted leave to file an opening brief. DLC requests that the appellants have additional time in which to file their respective opening briefs, and that this Court appoint the same mediator for all four cases.

Superior does not oppose consolidation nor DLC's request for more time to file opening briefs. However, Superior requests that the Court to specify that DLC may file a total of three opening briefs: one brief for Darrell Lee Construction, LLC, and Jon Williams for Case Nos. 21-0532 and 22-0499; one brief for Wagner & Lyons, PLLC, f/k/a Sullivan, Wagner & Lyons, PLLC, for Case No. 22-0488; and one brief for Maddux Real Estate Group, Inc., Dawn Maddux, and Raleigh Ward, for Case No. 22-0495. Superior asserts that it intends to provide a single response brief to address all the opening briefs, and it requests leave to file an overlength brief of up to 30,000 words.

We agree with the parties that a consolidated appeal is appropriate and that DLC may have additional time in which to file the opening briefs. We agree with Superior that it is appropriate to limit DLC to a total of three opening briefs in the configuration Superior

2

proposes. The members of each grouping are represented by the same counsel and there are no apparent conflicts of interest within each of these groupings.

As to Superior's request to file an overlength response brief, M. R. App. P. 12(10) provides that such motions will not be routinely granted and such motion must be supported by an affidavit demonstrating extraordinary justification. Superior did not include an affidavit, and we believe its request is premature at this juncture. After the opening briefs are filed, Superior may move for leave to file an overlength brief if it finds grounds upon which it can allege the requisite extraordinary justification.

Finally, Appellants Wagner & Lyons, PLLC, f/k/a Sullivan, Wagner & Lyons, PLLC ("Wagner"), in Case No. DA 22-0488, and Appellants Maddux Real Estate Group, Inc., Dawn Maddux, and Raleigh Ward ("Maddux"), in Case No. DA 22-0495, have moved this Court to withdraw the present appointment of mediators and to appoint instead Michael J. Lilly, who was selected by the parties in DA 21-0532 and DA 22-0499 pursuant to M. R. App. P. 7(4). Wagner and Maddux assert that the parties have set a global mediation with Lilly and they believe the appointed mediators are unnecessary.

The mandatory appellate mediation process is controlled by M. R. App. P. 7. Under Rule 7(4)(b), the parties may jointly select a mediator for purposes of Rule 7 within 15 days of the filing of the notice of appeal. If the parties do not do so, then the Clerk of this Court will assign a mediator. In DA 21-0532 and DA 22-0499, the parties selected Lilly pursuant to Rule 7(4)(b) and notified the Clerk in accordance with Rule 7(4)(c). Since the parties to Wagner's and Maddux's respective appeals did not select a mediator, the Clerk assigned one to each case in accordance with Rule 7(4)(b) and Rule 7(4)(d).

In Wagner's appeal, the Clerk assigned Charles J. Tornabene on September 19, 2022. On September 20, 2022, Tornabene declined the appointment; currently, no mediator is assigned to Wagner's appeal and thus there is no appointment to withdraw.

In Maddux's appeal, the Clerk assigned Charles W. Schuyler on September 20, 2022. Rule 7(4)(d) provides, in relevant part, that after the Clerk assigns a mediator, "The parties may substitute a mediator of their choice . . . *only if,* within 10 days of the clerk's appointment, they file a written stipulation signed by all parties agreeing upon a substitute

3

mediator." (Emphasis added.) The parties to Maddux's appeal did not do so. Although M. R. App. P. 29(1) allows this Court to suspend requirements of the Rules of Appellate Procedure under certain circumstances, Rule 29(2) specifically excepts suspension of any requirements governed by Rule 7. Therefore, this Court has no means to remedy the parties' failure to follow Rule 7's procedures. Recognizing the economy of a consolidated mediation, however, we note that while the Court cannot suspend Rule 7, this does not foreclose the parties from mutually reaching agreement among themselves and with their respective mediators as to how they wish to proceed.

IT IS ORDERED that the motion to consolidate Case Nos. 21-0532, 22-0488, 22-0495, and 22-0499 is GRANTED.

IT IS ORDERED that these cases are CONSOLIDATED under Case No. DA 21-0532 and SHALL BE CAPTIONED as set forth in this Order.

IT IS ORDERED that the Appellants shall prepare, file, and serve their respective opening briefs within 30 days of the date of this Order. All further briefing deadlines shall be as provided in M. R. App. P. 13(1).

IT IS ORDERED that the motion to withdraw the appointment of mediator Charles J. Tornabene in Case No. 22-0488 is DENIED as MOOT.

IT IS ORDERED that the motion to withdraw the appointment of mediator Charles W. Schuyler in Case No. DA 22-0495 is DENIED.

IT IS ORDERED that the motion to appoint mediator Michael J. Lilly in Case Nos. DA 22-0488 and DA 22-0495 is DENIED.

The Clerk is directed to give notice of this Order to all counsel of record.

Dated this 18 day of October, 2022.

_____
Chief Justice

_____

4

_____

_____

_____
Justices